UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARLA TWOREK,

    Plaintiff(s),

v.

ASSET ACCEPTANCE, LLC,

    Defendant(s).
_____/

Case No. 09-13373

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR
<u>SUMMARY JUDGMENT [9]</u>**

This matter comes before the Court on Defendant's motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, Defendant's motion is DENIED.

**I.    Facts**

On August 6, 2009, Karla Tworek (Plaintiff) filed an action in the 37th District Court for the City of Warren alleging that Asset Acceptance, LLC (Defendant) violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* and the Michigan Collection Practices Act (MCPA), Mich. Comp. Laws. § 445.251 *et seq.* (Notice of Removal, Ex. A [Docket Text #1].) Defendant removed the case to this Court on August 26, 2009 on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331, over Plaintiff's federal claims, and supplemental jurisdiction over Plaintiff's state-law claims, pursuant to 28 U.S.C. § 1367, because they are so related to the federal claims set forth in the Complaint that they form part of the same case or controversy. (*Id.* ¶¶ 4, 7.)

On August 12, 2009—in a separate action filed in the 62A District Court for the City of Wyoming—Defendant obtained a consent judgment against Plaintiff in the amount of $8,581.68. (Def.'s Mot., Ex. 3.) That action, resulting in the consent judgment, concerned Plaintiff's credit card account with Citibank that was assigned to Defendant. (Answer ¶ 6.) The collection of that assigned account serves as the underlying debt in this action. (Compl. ¶ 6.)

On September 17, 2009, Plaintiff and her spouse filed a Chapter 7 joint petition for bankruptcy in the Western District of Michigan. (Def.'s Mot., Ex. 1.) In her bankruptcy petition, Plaintiff listed Defendant as an unsecured creditor and included its claim of $8,581.68 on Schedule F. (*Id.* at 26.) Plaintiff, however, initially failed to disclose this case as an asset and indicated that she had no "contingent and unliquidated claims" pursuant to Disclosure Number 21 on Schedule B. (*Id.* at 20.) Plaintiff subsequently filed an Amended Schedule B, on October 10, 2009, disclosing this case as an asset with a current value of $4,800.00. (Def.'s Mot., Ex. 2 at 2.)

This matter is before the Court on Defendant's motion for summary judgment.

## II. Standard

### A. Rule 56 Motion for Summary Judgment

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an

element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

### III. Analysis

Defendant filed its motion for summary judgment, claiming that this action must be dismissed with prejudice as Defendant's right to setoff is in excess of the alleged value of Plaintiff's claims. Although Defendant disputes any liability in this matter, it contends that the value of Plaintiff's claims—as estimated by Plaintiff in her amended bankruptcy schedules—do not exceed $4,800. Defendant also contends that it has a right to setoff the consent judgment of $8,581.68 issued in its favor against any monetary judgment that Plaintiff may be entitled to in this matter. Defendant, therefore, concludes that because "Plaintiff is now seeking an amount substantially less than the amount due to Defendant on the [consent] judgment entered against ... Plaintiff, this matter must be dismissed as

Defendant's right to setoff is in excess of the alleged value of [Plaintiff's] claim." (Def.'s Mot. at 5.)

Defendant's argument fails for two reasons. First, Defendant has no right to setoff until the parties are mutually indebted, and there are no mutual debt obligations until the value of Plaintiff's claims in this matter have been established. Second, "[t]he right to setoff does not operate as a denial of the plaintiff's claim but allows the defendant to set off the debt that the plaintiff owes the defendant against the plaintiff's claim against the defendant." 20 Am. Jur. 2d, Counterclaim, Recoupment, and Setoff § 6.

### A. No Right to Setoff: Value of Plaintiff's Claims Have Not Been Ascertained

"The right to setoff is a widely recognized common law right which allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Gordon Sel-Way, Inc. v. United States*, 270 F.3d 280, 290 (6th Cir. 2001) (quoting *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 18 (1995)). "Although the Bankruptcy Code does not provide an explicit right to setoff, the common law right is generally preserved in bankruptcy." *Id*.

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.

11 U.S.C. § 553(a). Thus, State law governs the substance of the setoff claim under § 553. *See* In re *New Haven Foundry, Inc.*, 285 B.R. 646 (Bankr. E.D. Mich. 2002).

The law in Michigan regarding setoff was set forth in *Siciliano v. Mueller*, No. 222258, 2001 WL 1699801 (Mich. Ct. App. Dec. 28, 2001). The *Siciliano* court, citing 20 Am. Jur. 2d, Counterclaim, Recoupment, and Setoff §§ 6-7, 14, 32, 37, 47-48, stated:

4

> Setoff is a legal or equitable remedy that may occur when two entities that owe money to each other apply their mutual debts against each other. ...
>
> Generally, the setoff and the action must be between the same parties and in the same capacity or right, and the court can look through the transactions and nominal parties to determine the real parties in interest.
>
> A setoff requires a mutuality of debt between the same real parties in interest, where the demands of the *mutually indebted parties* are set off against each other and only the balance recovered. However, setoff rests on *opposing claims that are enforceable in their own right*.
>
> A claim for setoff need not arise out of the same transaction as that sued on. If the parties are mutually indebted, there may be a setoff regardless of whether the debt arises out of the same contract or transaction.

*Siciliano*, 2001 WL 1699801, at *6 (internal quotations and citations omitted) (emphasis added).[1]

Here, the parties are not mutually indebted: "opposing claims that are enforceable in their own right" have not been established. Although Defendant's claim—in the form of its consent judgment—has been established, Plaintiff's claims—at issue in this matter—have not been established, as this matter is still pending. Plaintiff's claims are currently contingent and unliquidated,[2] and therefore are not enforceable in their own right.

Defendant's argument that the amount of Plaintiff's claims have been ascertained—in the estimated value listed in Plaintiff's amended bankruptcy schedules—is erroneous. This matter is pending and no resolution, judicial or otherwise, has been reached. If Plaintiff is

---

[1] A creditor may also use a discharged debt as a setoff against certain claims asserted against it. *See* In re *Wiegand*, 199 B.R. 639, 641 (Bankr. W.D. Mich. 1996).

[2] A contingent claim is "[a] claim that has not yet accrued and is dependent on some future event that may never happen." BLACK'S LAW DICTIONARY 8th ed. 2004. An unliquidated claim is "[a] claim in which the amount owed has not been determined." *Id.*

5

successful in this matter, it may collect actual damages,[3] statutory damages,[4] costs and attorney fees.[5] At this stage of the proceeding whether Plaintiff will be successful and, if successful, the amount of any monetary judgment is simply unknown. Until the amount of Plaintiff's claim has been determined, the parties are not mutually indebted.[6]

### B.  No Right to Dismiss Case Entirely

Defendant's contention that setoff may be used offensively, to dismiss Plaintiff's claims in their entirety and prior to an adjudication on the merits, is misplaced. "The right to setoff does not operate as a denial of the plaintiff's claim but allows the defendant to set

---

[3] Defendant claims that Plaintiff is not entitled to actual damages, as "no factual basis for actual damages has been asserted" in the Complaint. (Def.'s Mot. at 7.) Defendant also contends that "Plaintiff has acknowledged in its initial responses to discovery that it is not seeking actual damages and is instead merely pursuing its statutory claim(s)." (Def.'s Reply at 1-2.) In its response to Defendant's motion, Plaintiff does not contest that it is not seeking actual damages. Plaintiff simply contends that, "based on the multiple violations alleged ... and the fact that attorney fees are recoverable," "[t]he damages may ... be will in excess of $8,581.68." (Pl.'s Resp. at 3.)

[4] Contrary to Plaintiff's assertion, statutory damages in this matter are limited to $1,000. *See Wright v. Finance. Serv.*, 22 F.3d 647, 650-51 (6th Cir. 1994) (limiting statutory damages in FDCPA cases to $1,000 per proceeding per plaintiff, rather than per violation).

[5] Defendant argues that attorney fees should be minimal, "[b]ecause this case is in the early stages of discovery." (Def.'s Mot. at 7.) This argument fails to recognize that costs and attorney fees are only available, under 15 U.S.C. § 1692k(a)(3), "in the case of any *successful action* to enforce the foregoing liability." *Id.* (emphasis added). Thus, costs and fees may continue to accrue until Plaintiff is deemed successful.

[6] During oral argument on this motion, Defendant argued that, *Krajci v. Mt. Vernon Consumer Discount Co.*, 16 B.R. 464 (E.D. Penn. 1981), supported its position that it was entitled to setoff even though it denied any violation of the FDCPA or the MCPA and notwithstanding the fact that the value of Plaintiff's claims have not been ascertained. In *Krajci*, however liability had been established and the value of the plaintiff's claims had also been ascertained. *See Krajci*, 16 B.R. at 466 ("Here, it has already been established that TILA violations occurred. Therefore the plaintiffs are entitled to recover $1,000 for each of the two transactions since the finance charges for each exceeded $500."). Thus, Defendants' reliance on *Krajci* is misplaced.

off the debt that the plaintiff owes the defendant against the plaintiff's claim against the defendant." 20 Am. Jur. 2d, Counterclaim, Recoupment, and Setoff § 6. *See, e.g.*, *National City Bank of Rome v. Busbin*, 332 S.E.2d 678, 681-82 (Ga. Ct. App. 1985). Even if Defendant is found liable to Plaintiff for violations of the FDCPA and MCPA, "this would not, technically speaking, operate to defeat [Plaintiff's] claim against [Defendant] ... even though it might preclude [Plaintiff's] recovery of any ... damages on such a claim." *Id.* This Court, therefore, rejects Defendant's argument that setoff may operate to offensively dismiss Plaintiff's claims with prejudice.

**IV. Conclusion**

For the foregoing reasons, Defendant's motion for summary judgment is DENIED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: February 23, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 23, 2010, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager